**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **PARITY NETWORKS, LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Civil No. 6:19-cv-00207-ADA** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...............................................................................................1

II.     SUMMARY OF ALLEGATIONS IN COMPLAINT ........................................2

III.    ARGUMENT .....................................................................................................5

      A.      Legal Standards Governing this Motion to Dismiss ................................. 5

      B.      Parity Fails to State Claims for Direct Infringement ............................... 5

      C.      Parity Fails to State Claims for Pre-Suit Indirect Infringement............................ 9

      D.      Parity Fails to State a Claim for Willful Infringement ......................................... 12

            1.      *Parity fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit and the alleged infringement* ............... 14

            2.      *Parity fails to allege facts to plausibly show that Cisco engaged in egregious, piratical conduct* ................................................................... 14

IV.     CONCLUSION...................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554
(W.D. Tex. Aug. 4, 2011) .................................................................................9

*Apeldyn Corp. v. AU Optronics Corp.,* 831 F. Supp. 2d 817 (D. Del. 2011) *aff'd*,
522 Fed.Appx. 912 (Fed. Cir. 2013) .............................................................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................5

*Atlas IP LLC v. Pac. Gas and Elec. Co.*, Case No. 15-cv-05469-EDL, 2016 WL
1719545 (N.D. Cal. Mar. 9, 2016) ..................................................................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323
(Fed. Cir. 2012) ................................................................................................9

*Cascades Computer Innovation, LLC v. Samsung Elecs., Co. Ltd.*, 77 F. Supp. 3d
756 (N.D. Ill. 2015) ........................................................................................11

*CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL
662489 (D. Nev. Feb. 17, 2017) ....................................................................13

*Chapterhouse LLC v. Shopify, Inc.*, 2:18-CV-00300-JRG, 2018 WL 6981828
(E.D. Tex. Dec. 11, 2018) ...........................................................................6, 8

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ............7, 10

*Commil USA v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015) ........................................9

*Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171 RWS,
2016 WL 2902482 (E.D. Tex. Mar. 30, 2016) ...............................................5

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) .................6

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357 (Fed. Cir. 2017) ..........9

*Evolved Wireless, LLC v. Samsung Elecs., Co. Ltd.*, No. 15-545-SLR-SRF, 2016
WL 1019667 (D. Del. Mar. 15, 2016) ...........................................................11

*Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-00072-BLF, 2017 WL 2462423
(N.D. Cal. Jun. 7, 2017) ...........................................................................13, 15

*Finjan, Inc. v. Juniper Networks, Inc.,* No. C 17-05659 WHA, 2018 WL 905909
(N.D. Cal. Feb. 14, 2018) ...............................................................................15

*Franks v. Prudential Health Care Plan, Inc.*, 164 F.Supp.2d 865 (W.D. Tex. 2001) ...........................................................................................................7, 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)............................................ 5, 12-14

*Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1–14–CV– 134–LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) (Yeakel, J.) .................................5, 9

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013) .....................................................................................................................5

*Meetrix IP, LLC v. Cisco Sys., Inc.*, Case No. 1-18-CV-309-LY (W.D. Tex. Nov. 30, 2018), D.I. 30 ...................................................................................... 10, 12-13, 15

*Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232 (W.D. Tex. May 15, 2009).............................................................................................1

*MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225 (D. Del. 2012) ...................................................................................................................10

*Novitaz Inc. v. inMarket Media, LLC*, Case No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) .......................................................................................8

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) .......................................................................6

*Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, C.A. No. 13–335–LPS– CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017)..............................................................11, 15

*Varian Med. Sys., Inc. v. Elekta AB*, No. 15–871, 2016 WL 3748772 (D. Del. Jul. 12, 2016) .................................................................................................................13

*Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11–06638 RS, 2012 WL 1831543 (N.D. Cal. 2012)...................................................................................................11

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016) ...................................................12, 14

**Statutes**

35 U.S.C. § 284............................................................................................................12, 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................1, 7

## I.      INTRODUCTION

Parity Networks, LLC ("Parity") fails to allege plausible claims of direct, pre-suit indirect and willful patent infringement with respect to the four patents asserted in this case. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), these claims should be dismissed.[1]

First, Parity does not provide sufficient detail to state a claim for direct infringement. Parity references asserted claims in the patents (which are not attached to the Complaint), but does not specify any of the claim elements or map them to the accused products in any way. Such bare pleading is insufficient to state claims for direct infringement.

Second, Parity does not plead sufficient facts to state a claim for pre-suit indirect infringement. Parity alleges "actual or constructive knowledge" of the Patents-in-Suit by Cisco to support its pre-suit indirect and willful infringement claims. However, these claims are legally and factually implausible because (i) "constructive knowledge" is legally insufficient for indirect and willful infringement (and Parity supplies no facts to establish such knowledge in any case); and (ii) the conclusory allegation that Cisco had actual knowledge of the Patents-in-Suit is based on two letters that are not described in any detail and that Parity, tellingly, failed to attach to its Complaint, but which, if considered, do not provide adequate notice as a matter of law. Neither letter refers specifically to any of the Patents-in-Suit nor explains which products allegedly infringe them. Instead, they refer generally to a portfolio of 65 U.S. patents and dozens of foreign counterparts and applications. Courts have held that burying asserted patents among general lists of unasserted patents is insufficient to provide actual knowledge of particular patents or alleged infringement for purposes of indirect or willful infringement.

---

[1] This motion suspends Cisco's obligation to respond to the entire complaint. *See Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, *1-2 (W.D. Tex. May 15, 2009).

Courts have also rejected that "actual knowledge" is shown through Parity's other theory alleged here, *i.e.*, that "Cisco and its affiliates" allegedly learned about "at least some" of the asserted patents from "its own prosecution activities." Moreover, Parity does not identify a single patent or application that allegedly provided Cisco with actual knowledge of any of the Patents-in-Suit. Further, a court in this District and others have held that such allegations are insufficient to plausibly support indirect and willful infringement claims.

Third, Parity does not plead sufficient facts to state a claim for willful infringement. In addition to lacking plausible pre-suit knowledge allegations, Parity's boilerplate willful infringement allegations lack any factual basis on which to presume that Cisco acted with the kind of "egregious," "piratical" conduct that is required to state a willfulness claim. Indeed, Parity alleges no facts about Cisco's conduct or intent that could give rise to a plausible inference that it has willfully infringed any of the Patents-in-Suit.

Accordingly, the Court should grant Cisco's motion and dismiss Parity's direct, pre-suit indirect, and willful infringement claims in their entirety.

## II.   SUMMARY OF ALLEGATIONS IN COMPLAINT

On March 14, 2019, Parity commenced this action by filing its Original Complaint against Cisco in this Court (the "Complaint"). *See* D.I. 1.

In the Complaint, Parity alleges that Cisco infringes four patents: U.S. Patent Nos. 6,760,777, entitled "Method and Apparatus for Distributing and Providing Fault Tolerance to Path-Vector Routing Protocols Within a Multi-Processor Router" ("'777 Patent"); 7,002,958, entitled "Method for Load Balancing with FIFO Guarantees in Multipath Networks" ("'958 Patent"); 8,429,296, entitled "Method and Apparatus for Distributing Routing Instructions Over Multiple Interfaces of a Data Router" ("'296 Patent"), and 9,306,757, entitled "Method and Apparatus for Distributing Routing Instructions Over Multiple Interfaces of a Data Router" ("'757 Patent")

(collectively, the "Patents-in-Suit"). *See* D.I. 1, ¶¶ 10-14. None of the Patents-in-Suit are attached to the Complaint, but the Court can take judicial notice of them. *See* Cisco's Request for Judicial Notice ISO Motion to Dismiss, filed concurrently with this motion.

Although Parity identifies the Patents-in-Suit, it does not provide any factual allegations about what the patents allegedly cover or how each allegedly relates to Cisco's products.

Parity includes allegations about "Defendant's Acts" that identify software that Cisco allegedly implements on its switches and routers, and makes general reference to various operating systems and features on certain switches and routers. *See* D.I. 1, ¶¶ 15-32. Parity does not explain whether, and if so, how, any of these features relate to any asserted claims in the Patents-in-Suit.

For each of the Asserted Patents, Parity identifies a claim that is allegedly directly infringed by Cisco, but does not specify any of the claim elements nor explain how the "exemplary infringing product" meets each of the elements. *See* D.I. 1, ¶¶ 37-38 (alleging infringement of claim 7 of '777 Patent); ¶¶ 44-45 (alleging infringement of claim 1 of '958 Patent); ¶¶ 51-52 (alleging infringement of claim 1 of '296 Patent); and ¶¶ 58-59 (alleging infringement of "claim 13" of '757 Patent, despite there being no such claim in the patent).

Parity's allegations that Cisco had pre-suit notice of the Patents-in-Suit are sparse. *See* D.I. 1, ¶¶ 33-34. First, Parity alleges that "[b]y two letters dated October 5, 2016 and November 18, 2016, Cisco was provided and actually received notice of the Patents-in-Suit and consequently has actual or constructive knowledge of each of them." *Id*., ¶ 33. Parity alleges that Cisco responded that it would provide a complete response in due course, but has not done so. *See id*. Parity does not describe the content of its own letters at all, and does not attach copies to the Complaint.

Parity further alleges that "during the course of its own prosecution activities, Cisco and its affiliates have been apprised and gained prior knowledge of at least some of the Patents-in-Suit,

including by way of family members." *Id.*, ¶ 34. Parity does not specify any actual patents or applications through which Cisco allegedly gained knowledge of any of the Patents-in-Suit, or which of the Patents-in-Suit Cisco allegedly gained knowledge of. Parity does not provide any other allegations that Cisco knew of the patents before this suit was filed.

Parity also alleges, in largely boilerplate terms, that Cisco indirectly infringes each of the Patents-in-Suit by inducing and contributing to infringement. *See id.*, ¶¶ 39-40; 46-47; 53-54; 60-61. Parity appears to generally limit its indirect infringement claims to post-suit conduct by Cisco with regard to the '958, '296 and '757 Patents. *See id.*, ¶¶ 46; 53; 60 (alleging that Cisco has been inducing infringement "at least since the filing of the Original Complaint" as to these patents).

Parity alleges willful infringement based on the following allegations which appear to relate to its pre-suit notice allegations: "[o]n multiple occasions, Cisco has been provided notice of infringement of the Patents-in-Suit by direct communications from Plaintiff's representatives;" and Cisco has "received actual notice of at least the '777 Patent, the '958 Patent, and the '757 Patent" "in connection with its own prosecution activities." *Id.*, ¶ 63-64. As noted above, Parity does not plead any facts or details regarding the alleged communications or prosecution activities.

Parity's remaining allegations consist of boilerplate recitation of the standard for willful infringement that was operative prior to the U.S. Supreme Court's decision in *Halo Electronics*: "Defendant has knowingly or with reckless disregard willfully infringed one or more of the foregoing Patents-in-Suit. Defendant has thus had actual notice of infringement of one or more of the Patents-in-Suit, and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights." *Id.*, ¶ 65. Despite alleging that "[t]his objective risk was either known or so obvious that it should have been known," Parity does not plead any facts to show that Cisco engaged in any "egregious" conduct as required for willful infringement under

the *Halo* standard.

## III.   ARGUMENT

### A.   <u>Legal Standards Governing this Motion to Dismiss</u>

Plaintiffs are required under the Federal Rules to allege claims that "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This obligation requires "more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555. Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).

The plausibility requirement applies to Parity's claims, including its claims for indirect and willful infringement. *See Jao Control & Monitoring Sys., LLC v. Protect America, Inc*., No. 1–14–CV–134–LY, 2015 WL 3513151, *3 (W.D. Tex. Mar. 24, 2015) (Yeakel, J.) ("'[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.'") (citation omitted); *Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171 RWS, 2016 WL 2902482, *2 (E.D. Tex. Mar. 30, 2016) (dismissing willfulness claim for lacking a "plausible allegation of subjective knowledge"). As set forth below, Parity has not come close to satisfying the plausibility standard for its claims of direct, pre-suit indirect and willful infringement.

### B.   <u>Parity Fails to State Claims for Direct Infringement</u>

Before it was abrogated from the Federal Rules at the end of 2015, Form 18 "effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading" for a direct infringement claim. *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282–85 (Fed. Cir. 2013). Courts have since made clear that "Form 18 no longer provides a safe harbor for direct infringement claims. Now, to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers

to sell, or sells any patented invention during the term of the patent.'" *Plano Encryption Techs., LLC v. Alkami Tech., Inc*., No. 2:16-cv-1032-JRG, 2017 WL 8727249, *1 (E.D. Tex. Sept. 22, 2017) (citing 35 U.S.C. § 271(a)).

The Eastern District of Texas has clarified that to adequately plead direct infringement post-abrogation of Form 18, the plaintiff must "lay out sufficient factual allegations" to "allege how the [accused products] meet the text of the exemplary claim." *See Chapterhouse LLC v. Shopify, Inc*., 2:18-CV-00300-JRG, 2018 WL 6981828, *2 (E.D. Tex. Dec. 11, 2018) (dismissing direct infringement claim in which the pleading broke down an exemplary claim to its elements and referred to corresponding screenshots of accused products but did not otherwise accompany the screenshots with factual allegations laying out how they met the text of the claim). The Court distinguished *Disc Disease Sols. Inc. v. VGH Sols., Inc*., 888 F.3d 1256 (Fed. Cir. 2018), in which a complaint was found sufficient that alleged direct infringement of a "relatively simple" patent where the accused product was an "inflatable belt for use with support panels" that met "each and every element" of a claim. *See Chapterhouse*, 2018 WL 6981828, at *2.

Here, for each of the Patents-in-Suit, Parity identifies one claim but does not identify any of the claim elements, and conclusorily alleges direct infringement by parroting the statutory definition of infringement. *See* D.I. 1, ¶¶ 37-38; 44-45; 51-52; 58-59. In one instance, Parity asserts a "claim 13" that does not exist because the patent at issue has only eight claims. *See* D.I. 1, ¶ 58; RJN, Ex. D. Parity does not provide any actual description of how the so-called "exemplary" Cisco product practices specific claim elements or even specify what those elements are. Instead, Parity simply refers to an alleged product and some alleged components and/or functionality, with no attempt to connect those them to each element of the asserted claim, as required to adequately plead direct infringement post-abrogation of Form 18.

As an example, Parity alleges that "at least claim 7" of the '777 Patent is infringed by the "Cisco IOS XR is [sic] the Carrier Routing System, which products include multiple processors and wherein different instances of BGP are running on different route processors (RPs) or distributed route processors (DRPs) of the multi-processor router. Each instance of BGP establishes a routing session with an external router." D.I. 1, ¶ 37-38. This brief statement does not indicate whether or how any of the alleged components or functionality satisfies any of the claim elements of claim 7, much less all the claim elements of claim 7.

In contrast to the sparse allegations in the Complaint, claim 7 of the '777 Patent (which again, is not even attached to the Complaint)[2], includes each of the following elements:

A multi-processor router, comprising:

> a plurality of instances of a router-distributed Border Gateway Protocol (rdBGP) executing on each of a plurality of processors;
>
> an internal fabric through which the plurality of processors may communicate; and
>
> ports through which the rdBGP instances may communicate with external routers;
>
> characterized in that each instance of rdBGP establishes a routing session with an external router, learns routes from the external router, and determines a set of routes, including a best route, from the routes learned.

RJN, Ex. A ['777 Patent]. A simple comparison between the actual elements of claim 7 and Parity's allegations shows that its pleading does not identify or refer to all claim elements, or even identify them as such, let alone tie each of the elements to any specific components or functionality of the accused product. Parity's sparse description of the accused product omits parts

---

[2] *See* Cisco's Request for Judicial Notice ("RJN"), Exs. A-D [Patents-in-Suit]. Further, in this Court and in the Fifth Circuit, a court may consider documents attached not only to the pleadings, but to the motion to dismiss under rule 12(b)(6), if the documents are referred to in the complaint and are central to the plaintiff's claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Franks v. Prudential Health Care Plan, Inc.*, 164 F.Supp.2d 865, 872 (W.D. Tex. 2001). Here, these requirements are clearly met because the Patents-in-Suit are referred to in the Complaint and are central to Parity's claims.

of each claim element and completely omits any reference to the elements reciting "an internal fabric . . .", or a plurality of routers that "learns routes from the external router, and determines a set of routes, including a best route, from the routes learned." Parity's allegations regarding the other asserted patents follow the same deficient pattern. *See* D.I. 1, ¶¶ 44-45; 51-52; 58-59.

Parity's minimalist approach does not satisfy the pleading standards for direct infringement. A court in the Eastern District of Texas recently rejected a complaint that alleged more factual detail than Parity has done here, including reciting all of the claim elements and identifying screen shots of the accused product for each claim element. *See Chapterhouse*, 2018 WL 6981828, at *2. In *Chapterhouse*, the court held that a plaintiff must "lay out sufficient factual allegations" to "allege how the [accused products] meet the text of the exemplary claim." *See id.* Parity has neither identified each of the elements of its asserted claims, nor attempted to specifically tie each element to specific components or functionality of the accused product. This is not enough. *See id.; see also Atlas IP LLC v. Pac. Gas and Elec. Co.*, Case No. 15-cv-05469-EDL, 2016 WL 1719545, *2 (N.D. Cal. Mar. 9, 2016) (holding that "simply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient" to withstand a motion to dismiss).

As Parity does not provide factual detail to make its direct infringement allegations plausible, it fails to state a claim for direct infringement of any of the asserted patents. *See Novitaz Inc. v. inMarket Media, LLC,* Case No. 16-cv-06795-EJD, 2017 WL 2311407, *3 (N.D. Cal. May 26, 2017) (dismissing claim for direct infringement where the complaint "makes no factual allegations about how" the accused products "operate, let alone map this information onto any elements of any of the claims," and did not address all claim elements).

C.   **Parity Fails to State Claims for Pre-Suit Indirect Infringement**

Claims for induced and contributory infringement both "require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). As to inducement, "[t]o survive a motion to dismiss . . . Plaintiff's complaint must contain facts plausibly showing that the defendant specifically intended its customers to infringe the patents-in-suit and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Further, "mere knowledge of acts alleged to constitute infringement is not sufficient; rather the plaintiff must show 'specific intent and action to induce infringement.'" *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1368 (Fed. Cir. 2017) (citation omitted).

A court in this District has stated that: "[a] complaint for contributory infringement must include facts supporting the plausibility of the following: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows that the component is 'especially made or especially adapted for use in an infringement of such patent'; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in a direct infringement of the patent." *Jao Control & Monitoring Sys.*, 2015 WL 3513151, at *5 (citing *In re Bill of Lading*, 681 F.3d at 1337).

Here, Parity fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit, as required for its induced and contributory infringement claims. *See Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554, *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement."). To try to meet the requirement, Parity alleges that Cisco had pre-suit "actual or constructive knowledge" of the Patents-in-Suit on grounds that are factually implausible and flawed as a matter of law. Thus, Parity's claims for pre-suit induced and contributory infringement must be dismissed.

First, for purposes of indirect infringement, actual knowledge - not constructive knowledge - is required to state plausible claims. *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("[A]ctual (not constructive) knowledge of the patent-in-suit is necessary to state a claim for indirect infringement under the Supreme Court's decision in *Global– Tech,* unless the patentee is claiming willful blindness.") (citation omitted). A court in this District recently confirmed that actual knowledge is the correct standard. *See Meetrix IP, LLC,* Case No. 1-18-CV-309-LY, D.I. 30, at 3-4 (W.D. Tex. Nov. 30, 2018) (dismissing pre-suit indirect infringement claims and holding that indirect infringement "requires actual knowledge or willful blindness"). Thus, Parity's conclusory assertion of "constructive knowledge," in addition to being unsupported, is insufficient to state a claim for indirect infringement as a matter of law.

Second, Parity's allegation of pre-suit actual knowledge based on two alleged, unspecified letters to Cisco is insufficient to provide actual knowledge of the Patents-in-Suit. *See* D.I. 1, ¶ 32. Parity alleges that such actual notice of the Patents-in-Suit was obtained by Cisco from "letters dated October 5, 2016 and November 28, 2016," but Parity does not describe any of the contents of the letters nor attach them to its Complaint. *See id*. Parity's failure to allege any facts about the letters is telling because, in fact, neither of the letters refers specifically to the Patents-in-Suit or provides any explanation of the Patents-in-Suit or how Cisco's products allegedly infringe them. Instead, the letters are in relation to a portfolio of 65 U.S. patents and dozens of foreign counterparts and applications that are listed in an appendix and slides to the October 5 letter. *See* Decl. of Daniel McCloskey, Exs. A, B [Oct. 5 and Nov. 28, 2016 Letters].[3]

---

[3]As noted *supra*, this Court may consider the letters because they are referred to in the Complaint and are central to Parity's claims for pre-suit indirect and for willful infringement. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d at 498-99; *Franks*, 164 F.Supp.2d at 872.

Such generic letters in which the Patents-in-Suit are not called out or explained and are instead buried within a list of many other, unasserted patents are not sufficient to provide actual knowledge of the patents at issue here or the alleged infringement. *See Evolved Wireless, LLC v. Samsung Elecs., Co. Ltd.*, No. 15-545-SLR-SRF, 2016 WL 1019667, *3-4 (D. Del. Mar. 15, 2016) (allegations of pre-suit knowledge insufficient where alleged letter did not specifically reference the patents-in-suit from list of 85 patents and applications, holding that "a patent included in an appendix containing dozens of patents does not place a defendant on notice of the patents-in-suit"); *Cascades Computer Innovation, LLC v. Samsung Elecs., Co. Ltd.*, 77 F. Supp. 3d 756, 766 (N.D. Ill. 2015) (holding that defendant could not be on notice of patent that was not referenced in letter but "merely listed in an appendix, without explanation" with 39 other patents). Under these cases, there is no basis for finding pre-suit knowledge from the alleged letters.

Third, Parity's allegation that Cisco gained actual knowledge of the Patents-in-Suit at some unspecified time through Cisco's and its "affiliates'" unspecified "prosecution activities" is also implausible. *See* D.I. 1, ¶ 33. Courts have held that "[a]t the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent." *Princeton Digital Image Corp. v. Ubisoft Entmn't SA*, C.A. No. 13–335–LPS–CJB, 2017 WL 6337188, *1 (D. Del. Dec. 12, 2017) (citations omitted); *see also Vasudevan Software, Inc. v. TIBCO Software Inc.,* No. C 11–06638 RS, 2012 WL 1831543, *5-*7 (N.D. Cal. 2012) (holding that defendant's alleged knowledge of the pending patent application that led to the asserted patent and knowledge of other family-related patents were insufficient to show actual knowledge of the asserted patent); *Apeldyn Corp. v. AU Optronics Corp.,* 831 F. Supp. 2d 817, 831 (D. Del. 2011) *aff'd*, 522 Fed.Appx. 912 (Fed. Cir. 2013) (rejecting constructive notice theory and holding "[t]here is simply no indication that

constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases" "based on the listing of a patent on the face of another patent").

Here, Parity's allegations do not even rise to the (deficient) level of alleging that Cisco cited one of the Patents-in-Suit in prosecuting its own patents, but refer only generally to "prosecution activities" that may not include Cisco, but an unspecified "affiliate," and may not include any of the asserted patents, but instead their "family members." Further, a court in this District recently rejected a very similar, and arguably more detailed allegation, that included reference to specific patents, as insufficient to plausibly show pre-suit knowledge of the patents. *See Meetrix IP, LLC*, Case No. 1-18-CV-309-LY (W.D. Tex. Nov. 30, 2018), D.I. 30, at 4 (holding that "allegations of actual notice stemming from prosecution activities is too attenuated to plausibly infer that Cisco had pre-suit knowledge of the Asserted Patents"). Thus, Parity's vague allegations of actual knowledge via "prosecution activities" are insufficient.

In sum, there are no plausible allegations in the Complaint that can show that Cisco had the required actual knowledge of the Patents-in-Suit before this action was filed. Accordingly, Parity has failed to state a claim for pre-suit indirect infringement of any of the Patents-in-Suit.

### D.   Parity Fails to State a Claim for Willful Infringement

The Federal Circuit has confirmed that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). In order to recover enhanced damages for willful patent infringement, a plaintiff must satisfy the requirements of 35 U.S.C. § 284 as interpreted by the United States Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). In *Halo*, the Supreme Court held that the "sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id*. at 1932. Thus, under

*Halo*, while "courts should continue to take into account the particular circumstances of each case," enhanced damages are limited to "egregious cases of misconduct beyond typical infringement," such as those "typified by willful misconduct." *Id.* at 1933-35.

Courts here and elsewhere have applied *Halo* in determining whether a willfulness claim is plausibly alleged and have dismissed those that do not show the requisite egregious conduct. *See, e.g., Meetrix IP, LLC v. Cisco Sys., Inc*., Case No. 1-18-CV-309-LY (W.D. Tex. Nov. 30, 2018), D.I. 30, at 7-8 (dismissing willfulness claim that "does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"); *Varian Med. Sys., Inc. v. Elekta AB*, No. 15–871, 2016 WL 3748772, *8 (D. Del. Jul. 12, 2016) (dismissing willfulness allegation for failing to state facts showing that the defendants' actions "actually amounted to an egregious case of infringement of the patent"); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489, *4 (D. Nev. Feb. 17, 2017) ("Under *Halo*, Plaintiffs have failed to state a claim for willful infringement because they have failed to allege any facts suggesting that Defendant's conduct is 'egregious . . . beyond typical infringement.'") (quoting *Halo*, 136 S. Ct. at 1935 (alteration in original)); *Finjan, Inc. v. Cisco Sys., Inc.*, Case No. 17-cv-00072-BLF, 2017 WL 2462423, *5 (N.D. Cal. Jun. 7, 2017) ("[T]he Complaint] makes no specific factual allegations about Cisco's subjective intent, or any other aspects of Cisco's behavior that would suggest its behavior was 'egregious.'") (internal citation omitted).

Parity's willful infringement allegations are bare conclusions using outdated legal standards that are inconsistent with current willful infringement jurisprudence. *See* D.I. 1, ¶¶ 62-65 (alleging Cisco has "knowingly or with reckless disregard willfully infringed . . . despite an objectively high likelihood that its actions constituted infringement of Plaintiff's presumptively

valid patent rights"). Parity's boilerplate allegations do not plausibly show either the knowledge or egregiousness required for willfulness under *Halo*.

> 1.   *Parity fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit and the alleged infringement*

As discussed above, Parity does not plead facts to plausibly show Cisco had pre-suit knowledge of the Patents-in-Suit at any point prior to the filing of the Original Complaint. *See* § III(C), *supra*. Parity's reliance on these same failed allegations (i.e., (1) generic letters that do not specifically refer to the Patents-in-Suit or accused products and (2) that Cisco or its "affiliates" knew of "family members" of the Patents-in-Suit from unspecified prosecution activities) is plainly deficient. *See* D.I. 1, ¶¶ 33-34, 63-64. Parity never alleges that it took steps to notify Cisco of these specific patents or that any of Cisco's products infringed them. Absent knowledge of the patents and the alleged infringement, there can be no willful infringement. *See WBIP, LLC*, 829 F.3d at 1341. Accordingly, Parity's allegations of willful infringement fail at least because it has not alleged facts showing that Cisco had the requisite knowledge of the Patents-in-Suit and the alleged infringement before this suit was filed.

> 2.   *Parity fails to allege facts to plausibly show that Cisco engaged in egregious, piratical conduct*

In addition to its failure to establish the required pre-suit knowledge, Parity also does not allege facts to plausibly show that Cisco engaged in the type of "egregious" conduct required for willful infringement. *See Halo*, 136 S. Ct. at 1935. Beyond its repeat of inadequate pre-suit knowledge allegations, Parity pleads only bare (and legally outdated) conclusions as to willfulness:

> 65. Notwithstanding this knowledge, Defendant has knowingly or with reckless disregard willfully infringed one or more of the foregoing Patents-in-Suit. Defendant has thus had actual notice of infringement of one or more of the Patents-in-Suit and acted despite an objectively high likelihood that its actions constituted infringement of Plaintiff's valid patent rights.

66. This objective risk was either known or so obvious that it should have been known to Defendant. Accordingly, Plaintiff seeks enhanced damages pursuant to 35 U.S.C. § 284.

D.I. 1, ¶¶ 65-66.

As these threadbare allegations show, Parity does not allege any specific facts about Cisco's behavior that could give rise to a plausible inference that Cisco has engaged in egregious conduct of any kind. Indeed, Parity alleges that Cisco has acted "recklessly," but does not allege any facts to show the subjective intent and misconduct required under *Halo*. This is not sufficient to state a claim for willfulness. *See, e.g., Meetrix IP, LLC*, Case No. 1-18-CV-309-LY (W.D. Tex. Nov. 30, 2018), D.I. 30, at 7-8 (dismissing willfulness claim that "states legal conclusions without 'factual content' showing a plausible inference of egregiousness" and that was made "under the abrogated *Seagate* standard") (citation omitted); *Finjan, Inc. v. Juniper Networks, Inc.,* No. C 17-05659 WHA, 2018 WL 905909, *4 (N.D. Cal. Feb. 14, 2018) (dismissing willfulness claim because the plaintiff "fails to identify any factual allegation that Juniper exhibited egregious behavior on par with that described in *Halo*"); *Princeton Digital Image Corp.*, 2016 WL 6594076, at *11 ("[The Complaint] does not sufficiently articulate how Ubisoft SA's actions during a short, three-month period of time amount to an 'egregious' case of infringement of the patent."); *Cisco Sys., Inc.*, 2017 WL 2462423, at *5 ("Finjan has simply made conclusory allegations of knowledge and infringement, which, considered in the totality of circumstances here, is not enough to plausibly allege 'egregious[ness].'") (citations omitted). Thus, Parity's willful infringement claims should be dismissed for this additional, independent reason.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Cisco respectfully requests that the Court grant this motion to dismiss Parity's claims for direct, pre-suit indirect and willful infringement.

Dated: May 24, 2019

Respectfully submitted,

By: */s/ Gilbert A. Greene*
Gilbert A. Greene
State Bar No. 24045976
Pierre J. Hubert
State Bar No. 24002317
DUANE MORRIS LLP
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, Texas 78746-5435
Tel: (512) 277-2300
Fax: (512) 277-2301
BGreene@duanemorris.com
PJHubert@duanemorris.com

Louis N. Jameson (admitted *pro hac vice*)
DUANE MORRIS LLP
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia 30309-3929
Tel: (404) 253-6900
Fax: (404) 253-6901
WJameson@duanemorris.com

Daniel T. McCloskey (admitted *pro hac vice*)
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
Tel: (650) 847-4150
Fax: (650) 847-4151
DTMccloskey@duanemorris.com

**COUNSEL FOR DEFENDANT
CISCO SYSTEMS, INC.**

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gilbert A. Greene*
Gilbert A. Greene