# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **PARITY NETWORKS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | Civil Action No. 6:19-cv-00207-ADA |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

# PLAINTIFF PARITY'S RESPONSE TO DEFENDANT CISCO'S MOTION TO DISMISS
# <u>FOR FAILURE TO STATE A CLAIM</u>

**TABLE OF CONTENTS**

I.    INTRODUCTORY NOTE ........................................................................................ 1

II.    BACKGROUND ...................................................................................................... 1

III.    SUMMARY OF LAWSUIT .................................................................................... 3

IV.    APPLICABLE LEGAL STANDARDS ................................................................... 4

V.    ARGUMENT ............................................................................................................ 5

    **A.**  Plaintiff has Properly Pleaded Direct Infringement ........................................... 5

    **B.**  Plaintiff has Properly Pleaded Indirect Infringement ........................................ 7

    **C.**  Plaintiff has Properly Alleged Willful Infringement ...................................... 10

VI.    CONCLUSION ....................................................................................................... 11

# **TABLE OF AUTHORITIES**

Cases

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................. 4
*Belanger v. Geico Gen. Ins. Co.*,
　623 Fed. Appx. 684 (5th Cir. 2015) ...................................................................................... 4
*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................. 4
*Blitzsafe Texas, LLC v. Volkswagen Group of Am., Inc.*,
　2:15-CV-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016), *report and recommendation adopted*, 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) .................................................................................................................................... 9
*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
　136 S. Ct. 1923 (2016) ................................................................................................. 10, 11
*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
　2:16-CV-00052-JRG-RSP, 2017 WL 1129951 (E.D. Tex. Feb. 21, 2017) ........................... 2
*InMotion Imagery Techs. v. Brain Damage Films*,
　C.A. No. 2:11-cv-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ....................... 10
*Johnson v. City of Shelby*,
　135 S.Ct. 346 (2014) ............................................................................................................ 4
*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
　No. CV-17-313, 2018 WL 834583 (D. Del. Feb. 12, 2018) ..................................... 3, 10, 11
*McZeal v. Spring Nextel Corp.*,
　501 F.3d 1354 (Fed. Cir. 2007) ............................................................................................ 4
*MONEC Holding AG v. Motorola Mobility, Inc.*,
　897 F. Supp. 2d 225 (D. Del. 2012) ................................................................................... 8,9
*Tierra Intelectual Borinquen, Inc. v. Asus Computer Int'l, Inc.*,
　C.A. No. 2:13-cv-44-JRG, 2014 WL 1233040 (E.D. Tex. March 24, 2014) ...................... 10
*Walker v. Webco Indus., Inc.*,
　562 Fed. Appx. 215 (5th Cir. 2014) ...................................................................................... 4

Plaintiff Parity Networks, LLC ("Plaintiff" or "Parity") files this response to Defendant Cisco Systems, Inc.'s ("Defendant" or "Cisco") Motion to Dismiss First Amended Complaint for Failure to State a Claim (Doc. 16) (the "Motion"), and in support thereof would show as follows:

## I.     INTRODUCTORY NOTE

Cisco has filed substantively identical motions to dismiss in this case (6:19-cv-00207-ADA) and the concurrently-filed case between the same parties, (6:19-cv-00209-ADA). Parity does not believe Cisco is legally entitled to any relief based on the Motion. To reduce the burden on Court resources, however, Parity contends that to the extent the Court determines relief is warranted in this case, the same rationale would apply to the related case.

## II.    BACKGROUND

Cisco's renewed Motion constitutes rote motion practice and misapplies the liberal standard by which pleadings are evaluated at this early stage in the case. Parity's allegations are plausible and should be taken as true for purposes of evaluating the Motion. Additionally, Cisco applies overly narrow interpretations of governing case law, which has expanded the permissible pleadings standards relative to these allegations, to argue that Parity's direct, indirect and willful infringement allegations should be dismissed.

First, as an example of the gravitas of Cisco's concerns, Cisco repeatedly complains that the patents—readily available public documents indexed by the numbers provided—are not attached "to the Complaint or First Amended Complaint." Motion at 1, 7. Cisco is a Fortune 100 company that is represented by a capable patent litigation law firm. This argument cannot be taken seriously. With respect to the remaining laundry list of complaints, Parity more than meets the requisite pleading standard, identifying representative claims, products and manner of infringement for each patent separately, and satisfies the pleading standard articulated in *Lifetime Industries, Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (2017).

1

Second, with respect to Parity's claims regarding Cisco's indirect infringement, Cisco asserts that "Parity fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit as required for its induced and contributory infringement claims." Motion at 10 (emphasis added). In this case, the Parity notified Cisco *twice* of its portfolio and the relevance of it to Cisco's operations. From Parity's vantage point, Cisco ignored those communications, and did not even respond. It cannot now be heard to say that it interpreted them somehow differently than they were intended. In any case, it is certain *plausible* that Cisco ignored those communications upon gaining knowledge of their relevance.

As if that were not enough, which it is, Parity further alleges that Cisco was repeatedly apprised of these very same patents in connection with its own prosecution activities. Together, these allegations support Parity's claim of pre-suit knowledge.

Finally, with regard to Parity's willfulness allegations, Defendant asserts that "in addition to lacking plausible pre-suit notice allegations, Parity's boilerplate willful infringement allegations lack any factual basis on which to presume that Cisco acted with the kind of 'egregious,' 'piratical' conduct that is required to state a willfulness claim." Motion at 15. But again, Defendant applies an incorrect legal standard. While Cisco may argue about the sufficiency of pre-suit notice when Parity's patents were twice brought to its attention in written correspondence and cited against its own applications time and time again, pre-suit knowledge is not a requirement of willfulness as long as post-suit knowledge is adequate. *See Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, 2:16-CV-00052-JRG-RSP, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017), *report and recommendation adopted*, 2:16-CV-52-JRG-RSP, 2017 WL 1109875 (E.D. Tex. Mar. 24, 2017). Moreover, "broader allegations of willfulness without a specific showing of egregiousness are

sufficient to withstand a motion to dismiss." *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. CV-17-313, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018).

### III.  SUMMARY OF LAWSUIT

Parity filed its Original Complaint (Doc. No. 1) against Defendant Cisco on March 14, 2019, alleging that a number of Cisco's products infringed four of Parity's patents—U.S. Patent No. 6,760,777 (the "'777 Patent"), entitled "Method and Apparatus for Distributing and Providing Fault Tolerance to Path-Vector Routing Protocols Within a Multi-Processor Router," issued on July 6, 2004; U.S. Patent No. 7,002,958 (the "'958 Patent"), entitled "Method for Load Balancing with FIFO Guarantees in Multipath Networks," issued on February 21, 2006; U.S. Patent No. 8,429,296 (the "'296 patent"), entitled "Method and Apparatus for Distributing Routing Instructions Over Multiple Interfaces of a Data Router," issued on April 23, 2013; and U.S. Patent No. 9,306,757 (the "'757 patent"), entitled "Method and Apparatus for Distributing Routing Instructions Over Multiple Interfaces of a Data Router," issued on April 5, 2016.

Specifically, Parity alleged that Cisco infringed by manufacturing, providing, selling, offering for sale, importing, and/or distributing infringing routers and switches that "implement[] the following four network software systems on its switches and routers: Cisco IOS, Cisco IOS XR, Cisco IOS XE, and Cisco NX-OS." Complaint at 4.

On May 24, 2019, Cisco filed a Motion to Dismiss (Doc. 11) asserting that Parity's claims of direct and indirect infringement and its willful infringement claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

In an effort to eliminate any possible need for further motion practice, Parity filed its First Amended Complaint (Doc. 14) to address the complaints raised in Cisco's first motion to dismiss by including additional detail explaining its indirect and willful infringement allegations and the

basis for Cisco's pre-suit knowledge of the Patents-in-Suit. Undeterred, Cisco filed a slightly modified motion which makes largely the same arguments as its prior motion to dismiss.

As shown below, Parity's First Amended Complaint contains sufficient allegations of direct, indirect and willful infringement which satisfy the *Iqbal/Twombly* standard supporting a "reasonable inference that the defendant is liable."

## IV.   APPLICABLE LEGAL STANDARDS

Motions to dismiss under 12(b)(6) are viewed with disfavor and are rarely granted. *Belanger v. Geico Gen. Ins. Co.*, 623 Fed. Appx. 684, 686 (5th Cir. 2015) (*per curiam*). When deciding a Rule 12(b)(6) motion to dismiss, the court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed. Appx. 215, 216-17 (5th Cir. 2014) (per curiam). A Rule 12(b)(6) motion to dismiss should only be granted if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In other words, "[t]he central issue [on a Rule 12(b)(6) motion] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotations omitted).

According to Federal Rule of Civil Procedure 8, a complaint is required to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To meet this standard, a plaintiff must plead facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.*

4

## V.     ARGUMENT

### A.  Plaintiff has Properly Pleaded Direct Infringement

Cisco's complaint with Parity's direct infringement allegations appear to be that it did not provide claim charts or copy all of the elements of the claims into its complaints: "A simple comparison between the actual elements of claim 13 and Parity's allegations shows that its pleading does not identify or refer to all claim elements, or even identify them as such, let alone tie each of the elements to the any specific components or functionality of the accused product." Its fundamental premise that this is required is incorrect.

The Federal Circuit has recently clarified that notwithstanding the obviation of Form 18, it is not required for the plaintiff to prove its case at the pleadings stage or prove that each element of the asserted claims is satisfied by the accused product.

> Nalco need not "prove its case at the pleading stage." *Bill of Lading*, 681 F.3d at 1339 (citing *Skinner*, 562 U.S. at 529–30). The complaint must place the "potential infringer ... on notice of what activity ... is being accused of infringement." *K–Tech*, 714 F.3d at 1284. <u>Nalco's pleading clearly exceeds the minimum requirements under Rule 12(b)(6), especially as "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Bill of Lading*, 681 F.3d at 1335. The district court's failure to credit these allegations as true is reversible error.</u>

*Nalco Company v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018); *accord Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259–60 (Fed. Cir. 2018).  Cisco's citation only to unpublished district court decisions (two of the three from the Northern District of California) demonstrate the tenuous legal basis of its position.

Here, Parity has gone well beyond that which is required.  For example, in connection with its first claim of direct infringement regarding the '777 Patent, Parity alleges as follows:

> Exemplary infringing products include the Cisco IOS XR is the Cisco Carrier Routing System, which products include multiple processors and wherein different instances of BGP are running on different route processors (RPs) or distributed

5

> route processors (DRPs) of the multi-processor router. Each instance of BGP establishes a routing session with an external router.

First Amended Complaint at 14. Parity provides further relevant details of the operation of the Carrier Routing System (which operates with the Cisco IOS XR operating system) in paragraphs 24 and 25.

> Cisco IOS XR creates a highly available, highly secure routing platform, distributes processes across the control, data, and management planes with their own access controls, delivers routing-system scalability, service isolation, and manageability and supports network and service convergence. Cisco IOS XR supports a distributed path vector routing protocol such as BGP (Border Gateway Protocol). Cisco supports multiple BGP instances on multiple route processors (RPs) or distributed route processors (DRPs) of a router, as depicted below:



Distributed BGP speakers to multiple RP and DRPs

> An exemplary product implemented with Cisco IOS XR is the Cisco Carrier Routing System in the United States. The Cisco Carrier Routing System Router is a processor-based data router that implements Open Shortest Path First (OSPF) and Internal Border Gateway Protocol (iBGP) routing protocols, as well as Multiprotocol Label Switching-Label Distribution Protocol (MPLS-LDP) and MPLS Layer 3 VPNs.

First Amended Complaint at 5.

6

In paragraph 37, Parity identifies claim 7 as an exemplary claim that is satisfied by the Cisco Carrier Routing System. Cisco's complaint that it does not have notice as to the elements of claim 7 can be summarily rejected. Cisco's argument with respect to direct infringement is essentially a demand that claim charts be included in a complaint. That is not the pleading requirement; such charts will be provided in the coming weeks.

> Federal Rule of Civil Procedure 12(b)(6) does "not countenance dismissal of a complaint for imperfect statement of the legal theory." *Johnson v. City of Shelby, Miss*., 135 S.Ct. 346, 346 (2014). Nor is a plaintiff obliged to explicitly state every element of a prima facie case in the complaint. *Wooten*, 788 F.3d at 499; *see also Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., Inc*., No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *4 (E.D. Tex. Feb. 13, 2016) ("In most patent cases, asking the plaintiff to provide an element-by-element analysis of the accused device in the complaint does not advance the goals of the Federal Rules of Civil Procedure.").

*Dominguez v. Target Corporation*, 2019 WL 1004569, at *4 (S.D. Tex. 2019). Parity has thus exceeded the requirements set forth in the governing case law.

**B.** <u>Plaintiff has Properly Pleaded Indirect Infringement</u>

Plaintiff has asserted two separate theories of indirect infringement—induced infringement and contributory infringement. *See, e.g.* First Amended Complaint at ¶¶ 39-40. Both types of indirect infringement include a "knowledge of the patent" element—whether it be pre-suit or post-suit knowledge. Defendant seeks dismissal of all of Plaintiff's pre-suit indirect infringement claims based on its sole argument that Plaintiff failed to properly allege the knowledge required for pre-suit infringement: "Parity fails to allege facts to plausibly show that Cisco had pre-suit knowledge of the Patents-in-Suit, as required for its induced and contributory infringement claims." Motion at 7.

Cisco begins its argument by stating that "for purposes of indirect infringement, actual knowledge - not constructive knowledge- is required to state plausible claims." Motion at 11. But even its own citation contradicts that argument: "unless the patentee is claiming willful blindness."

7

*MONEC Holding AG v. Motorola Mobility, Inc*., 897 F. 2d 225, 232 (D. Del. 2012).  Parity has made those factual allegations, including in paragraphs 32-33 and 62-63.

Regardless, in the First Amended Complaint, Parity has more than merely *alleged* pre-suit knowledge, it has provided substantial evidence of pre-suit knowledge arising in part from two letters set to Cisco on October 5, 2016 and November 28, 2016 and attached to the First Amended Complaint (Docs. 14-1 and 14-2).  Parity alleges in the First Amended Complaint that Cisco misrepresented that it would substantively respond (Doc. 14-3) and failed to do so.  First Amended Complaint, ¶ 32.

Moreover, Parity has incorporated into the body of the First Amended Complaint citations to voluminous Cisco prosecution history referencing the Patents-in-Suit spanning about two pages.  Cisco incorrectly identifies these as "unspecified"—Motion at 12—when in fact Parity identifies the Patent-in-Suit at issue, the patent that was being prosecuted by Cisco, and whether or not it was a direct or family to family citation.  First Amended Complaint at pp. 7-19.  It has been held that "[a] complaint may sufficiently plead a defendant's actual knowledge when a plaintiff alleges that a defendant previously filed papers with the PTO identifying the patents as prior art." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 229 (D. Del. 2012) (*citing Mallinckrodt Inc. v. E-Z-EM Inc*., 671 F.Supp.2d 563, 569 (D. Del. 2009)).

In *Glob. Sessions, LP v. JPMorgan Chase & Co.*, A-13-CA-688-SS, 2013 WL 12086369 (W.D. Tex. Nov. 18, 2013), a court in this district found that plaintiff had sufficiently pleaded the knowledge requirement for induced infringement where one of plaintiff's patents was referenced by nearly a dozen of defendants' patents:

> Global Sessions alleges JPMorgan knew about at least one of the four asserted Global Sessions patents because a dozen JPMorgan patents filed between 2002 and 2006 specifically cite the Global Sessions patent as a reference. Those allegations are sufficient to raise a plausible inference JPMorgan had knowledge of the Global

8

> Sessions patent and its teachings, and therefore intended to induce infringement and knew, or should have known, its actions would induce infringement.

*JPMorgan Chase & Co.*, 2013 WL 12086369, at *2 (citations omitted).  Similarly here, Plaintiff has sufficiently pleaded pre-suit knowledge.[1]  *See also Blitzsafe Texas, LLC v. Volkswagen Group of Am., Inc.*, 2:15-CV-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), *report and recommendation adopted*, 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) (finding plausible that "[defendant] could have learned of the [asserted patent] when it cited the [patent application that issued the asserted patent].").

Cisco cites a few cases that hold that alleging a defendant's citation to a patent during prosecution alone is generally insufficient to plausibly allege pre-suit knowledge.  *See* Motion at 12.  These cases are in conflict with those cited by Parity, but inapplicable regardless.  First, the prosecution history citations are not Parity's sole basis, they are in addition to two letters to which Cisco misrepresented it would respond and subsequently ignored.  Second, those cases refer to isolated citations, not the ***dozens*** set forth in the First Amended Complaint.

With respect to contributory infringement, Defendant makes the same argument—lack of pre-suit knowledge of the Patents-in-Suit.  Motion at 11.  For the same reasons that Defendant's argument fails for induced infringement, it also fails for contributory infringement.  In short, Plaintiff both alleged and provided evidence of pre-suit knowledge by Cisco.  Notwithstanding, post-suit knowledge alone is sufficient to overcome dismissal of indirect claims, including, contributory infringement: "failing to allege pre-suit knowledge of the patent is not an adequate basis upon which to dismiss indirect infringement claims." *Uniloc USA, Inc. v. Motorola Mobility LLC*, 2:16-CV-989-JRG, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017); *see also Tierra*

*Intelectual Borinquen, Inc. v. Asus Computer Int'l, Inc.*, C.A. No. 2:13-cv-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. March 24, 2014); *InMotion Imagery Techs. v. Brain Damage Films*, C.A. No. 2:11-cv-414-JRG, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012).

    **C.**  <u>Plaintiff has Properly Alleged Willful Infringement</u>

As set forth above with respect to indirect infringement, Cisco has been provided substantial notice of the existence and relevance of Parity's patents to its principal operations in the areas of switches and routers, including the accused products. "A patent infringer's subjective willfulness, whether intentional or knowing, 'may warrant enhanced damages, without regard to whether his infringement was objectively reckless.'" *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, No. CV 17-313, 2018 WL 834583, at *12 (D. Del. Feb. 12, 2018) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016).

Cisco misstates the post-*Halo* standard are requiring a showing of egregiousness. Parity has met even that heightened requirement for demonstrating willfulness (Motion at 14) but is not required to do so at this stage.

> Nonetheless, even after *Halo*, broader allegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss. *Bio-Rad Labs Inc. v. Thermo Fisher Scientific Inc.*, 267 F. Supp. 3d 499, 501 (D. Del. 2017) ("At the pleading stage, it is not necessary to show that the case is egregious."); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016) (holding that general allegations of willful infringement are sufficient under Halo to withstand a motion to dismiss). Thus, where a complaint permits an inference that the defendant was on notice of the potential infringement and still continued its infringement, the plaintiff has pled a plausible claim of willful infringement. *See, e.g., Green Pet Shop Enterprises, LLC v. Telebrands Corp.*, No. 17-6179, 2018 WL 547544, at *2 (D.N.J. Jan. 24, 2018) (**holding that allegations of receipt of a detailed cease-and-desist letter, followed by continued infringement, make plausible an inference of subjective willfulness**); *Telebrands Corp. & Prometheus Brands, LLC v. Everstar Merchandise Co.*, Ltd., No. 17-2878, 2018 WL 585765, at *8 (D.N.J. Jan. 29, 2018) (**allegations that defendants had notice of the patent-in-suit since their receipt of the complaint and yet still created and sold the allegedly infringing product are sufficient to establish a plausible entitlement to enhanced damages**); *Progme Corp. v. Comcast Cable Commc'ns LLC*, No. 17-1488, 2017 WL 5070723, at *12 (E.D. Pa. Nov. 3, 2017) ("To the

10

extent that [Defendant] has persisted in its alleged infringement of the '425 Patent after Plaintiff filed its complaints, this conduct could possibly amount to willful infringement.")

*Kyowa Hakka Bio, Co.*, 2018 WL 834583, at *13 (emphasis added). Cisco's citation to *CG Tech* is inapposite, since that court determined no facts were alleged "beyond typical infringement." Motion at 14 (*citing CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017).

As to egregiousness or "piratical" conduct, this is simply not required at the pleading stage; instead "after *Halo*, broader allegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss." *See Kyowa Hakka Bio, Co.*, 2018 WL 834583, at *13. The *Kyowa* Court stated, "[t]hus, where a complaint permits an inference that the defendant was on notice of the potential infringement and still continued its infringement, the plaintiff has pled a plausible claim of willful infringement." *Id*. That inference is more than plausible here. Furthermore, contrary to Defendant's allegations, Plaintiff alleges specific facts giving rise to its allegations of willfulness, and is not merely conclusory. *See, e.g.*, First Amended Complaint. ¶¶ 33-34; 63-66. Under *Halo* and its progeny, Parity has stated a claim for willfulness.

## VI.   CONCLUSION

For the reasons set forth above, this Court should deny Defendant's Motion to Dismiss. At minimum, dismissal of Parity's direct, pre-suit indirect and willfulness claims with prejudice is not supported by governing law.

Dated: July 5, 2019

Respectfully submitted,

By:   */s/ Andrew G. DiNovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dinovoprice.com
Adam G. Price
Texas State Bar No. 24027750
aprice@dinovoprice.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dinovoprice.com
**DINOVO PRICE LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

**ATTORNEYS FOR PLAINTIFF
PARITY NETWORKS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th of July, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system.

 /s/ *Andrew G. DiNovo*
Andrew G. DiNovo